IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GROVER DUNN, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 05-AR-1857-S |
| } | |
| TRUGREEN LIMITED PARTNERSHIP, } | |
| et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

The motion of plaintiff, Grover Dunn ("Dunn"), to remand the above-entitled action to the Circuit Court of Jefferson County, Alabama (Bessemer Division), was orally argued on September 16, 2005. The removing defendant, Trugreen Limited Partnership ("Trugreen"), bases jurisdiction in this court on the diversity of citizenship between Dunn and Trugreen and $75,000 in controversy. The notice of removal necessarily includes the assertion that all non-diverse defendants have been fraudulently joined. Dunn readily concedes that he has no viable claim against two of the non-diverse defendants, Paul Johnson and Paul Cheeks, but insists that he has stated or can state a claim against one or both of the non-diverse defendants, Chris Hill and Frank Mitchell.

Although the complaint, insofar as it attempts to state claims against Hill and Mitchell, may be deficient as a matter of pleading, the court, if it should grant Hill's motion to dismiss and Mitchell's implicit motion to dismiss, would have to make the

dismissal without prejudice to Dunn's right to amend, something Dunn could easily do in light of the facts described during oral argument about the relationship between Dunn, on the one hand, and Hill and Mitchell on the other, and the defendants' conduct.

In addressing an issue of fraudulent joinder, the presumption is in favor of jurisdiction in the forum chosen by the plaintiff, as it is in all removed cases. This court must therefore look not only at whether the complaint is facially adequate, but, if deficient, whether a cause of action can legitimately be stated against any non-diverse defendant. In this case this court cannot know what the state court will ultimately hold with respect to the viability of Dunn's claims against Hill and/or Mitchell, but the court is not in a position to dismiss with prejudice Dunn's claims against either of the said non-diverse defendants, an order that would be necessary for this court to conclude that it has subject-matter jurisdiction under 28 U.S.C. § 1332.

This renders moot Dunn's argument that Trugreen has failed to demonstrate the existence of the jurisdictional amount in controversy.

A separate appropriate order of remand will be entered.

DONE this 22nd day of September, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE